UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN RIVER GROUP AUTHORITY,<br><br>            Plaintiff,<br><br>     v.<br><br>NATIONAL MARINE FISHERIES SERVICE,<br><br>            Defendants. | 1:11-cv-00725 OWW GSA<br><br>MEMORANDUM DECISION RE PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS MOTION TO INTERVENE (Doc. 28) |

## I. INTRODUCTION/BACKGROUND

This suit arises from the United States Pacific Fisheries Management Council's ("PFMC") April 13, 2011 adoption of commercial troll and recreational fishing management measures for the waters south of Cape Falcon, permitting commercial and recreational fishing for Sacramento River fall-run Chinook Salmon ("SRFC") for the 2011 fishing season ("2011 management measures"), and the National Marine Fisheries Service's ("NMFS") May 4, 2011 approval of the PFMCs recommended 2011 fishing regulations.  Doc. 1.

The Pacific Coast Federation of Fishermen's Associations ("PCFFA" or "Applicant") moves for leave to intervene in this case as of right pursuant to Federal Rule of Civil Procedure

24(a), or in the alternative to permissively intervene under Rule 24(b). Doc. 28, filed June 17, 2011. Federal Defendants take no position on the motion, provided the intervention will not affect the page limits available to Federal Defendants for any briefing in this matter. Doc. 36. Plaintiff opposes. Doc. 32. PCFFA replied. Doc. 40. The matter came on for hearing June 29, 2011 at 12:00 noon in Courtroom 3 (OWW).

## II. BACKGROUND

### A. Claims in this Case.

Plaintiff, a coalition of irrigation districts holding water rights in the San Joaquin River or one of its tributaries, assert that Federal Defendants' adoption of the 2011 management measures violates the Administrative Procedure Act ("APA"), Magnuson-Stevens Fishery Conservation and Management Act ("Magnuson Act"), and National Environmental Policy Act ("NEPA"), by among other things approving "high levels" of Sacramento River Fall Run Chinook ("SRFC" or "fall-run") salmon harvest, even though "overfishing" concerns allegedly continue relative to the abundance of the species. *Id*.

### B. The Applicant.

PCFFA's members are commercial fishermen who rely on catching SRFC for their livelihoods. Grader Decl., Doc. 28-1, ¶¶ 2-3. Many members of PCFFA fish the waters south of Cape Falcon and will be directly affected by Plaintiff's challenge to NMFS'

2

fishery management measures.  *Id*. ¶ 3.

### III. INTERVENTION AS OF RIGHT.

Applicant moves to intervene as of right or, in the alternative, to permissively intervene.

**A.   Intervention as of Right.**

**1.   Legal Standard.**

Intervention is governed by Federal Rule of Civil Procedure 24.  To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant.  *Forest Conservation Council v. U.S. Forest Serv*., 66 F.3d 1489, 1493 (9th Cir. 1993).  The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections."  *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).  A four-part test is used to evaluate a motion for intervention of right:

> (1) the motion must be timely;
>
> (2)  the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action;
>
> (3)  the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and
>
> (4)  the applicant's interest must be inadequately represented by the parties to the action.

3

*Forest Conservation Council*, 66 F.3d at 1493.

  2. <u>Timeliness.</u>

  In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Applicant moved to intervene on June 17, 2011, Doc. 28, less than 45 days following the filing of the Complaint and before Federal Defendants answer was due.

  As a general rule, existing parties are not prejudiced when "the motion was filed before the district court made any substantive rulings." *N.W. Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). Here, no substantive rulings have been made in this case, no scheduling conference has been held, and no discovery has commenced.

  Plaintiff complains that under the circumstances, where briefing on cross-motions for summary judgment has been expedited and will begin in late July, in anticipation of a hearing in late September 2011, PCFFA's motion, which was initially noticed for hearing on July 5, 2011, is untimely because a decision on intervention on or after July 5, 2011 would leave Plaintiff with just over two weeks before their motion for summary judgment is due. This concern has been obviated by the district court's *sua*

4

*sponte* rescheduling of the hearing date to June 29, 2011.

Plaintiff also expresses concern that PCFFA's participation will add additional issues and additional briefing to an already "heavily expedited schedule that was not developed with the expectation of additional parties intervening." Doc. 32 at 1. This concern is best addressed by conditioning PCFFA's participation on compliance with the existing schedule, good-faith coordination with Federal Defendants to minimize duplicative briefing, and strictly adjusting the page limits for briefing, which will be accomplished by a separate case management order. PCFFA will only be permitted to brief issues unique to their interests and will not be allowed to duplicate any briefing of issues by existing parties. The motion to intervene is timely.

3. <u>Significant Protectable Interests.</u>

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id*. Here, among other remedies, Plaintiff seeks to enjoin Federal Defendants from permitting commercial harvest of SRFC according to the 2011 management measures. It is undisputed that PCFFA's has a demonstrable interest in maintaining a viable fishing industry in California for its

5

membership and there is a direct relationship between this interest and the claims in this case.

### 4. Impairment of Interests.

Finally, disposition of this action may, as a practical matter, impair or impede Applicant's abilities to protect their interests. This requirement demands only a showing that the applicant "would be substantially affected in a practical sense by the determination made in an action." *S.W. Ctr.*, 268 F.3d at 822. It is undisputed that, should an injunction issue against the 2011 commercial fishing season, Applicant's interests in continued exploitation of SRFC would be significantly impaired or impeded.

### 5. Existing Parties' Ability to Represent Applicant's Interests.

The remaining issue is whether Applicant's interests are adequately protected by other defendants or defendant-intervenors. In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

> (1) whether the existing parties will undoubtedly make all of the applicant's arguments;
>
> (2) whether the existing parties are capable of and willing to make the applicant's arguments; and
>
> (3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Id.* at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its

6

interests may be inadequate.... [T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This presumption is triggered here because Applicant and Federal Defendants share a similar objective of upholding the 2011 management measures. However, the presumption is rebuttable upon a showing that the applicant and the existing parties "do not have sufficiently congruent interests." *S.W. Ctr.*, 268 F.3d at 823.

Applicant's interests diverge from existing Defendants. Federal Defendants, as regulators of the commercial fishing industry, have responsibilities to protect multiple interests in connection with the ocean harvest that are not necessarily identical to Applicant's interest, which is achieving a commercial harvest. *See Georgia v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (finding federal defendant with interest in management of a resource did not have interests identical to an entity with economic interests in the use of that resource). Federal Defendants do not have the same

level of interest in the 2011 SRFC fishing season, as the regulators are not charged with achieving commercial success in a fishing season, and will not be harmed in the same way Applicant will be harmed if there is no fishing season.

Applicant satisfies all of the requirements for intervention as a matter of right.  It is not necessary to address Applicant's alternative request for permissive intervention.

### IV. CONCLUSION

Applicant's motion to intervene as a matter of right is GRANTED, conditioned upon strictly limiting their participation solely to issues about which they can provide non-repetitive, unique information and/or arguments.  The parties shall meet and confer in an effort to agree upon page limits for such briefing, oppositions, and replies.  Proposed page limits shall be submitted on or before July 8, 2011 at 12:00 noon.  If the parties cannot agree on such limiting language, any disagreements shall be described in a joint statement to be filed with the court by the same deadline.

Applicant shall also submit a proposed form of order consistent with this memorandum decision by July 8, 2011 at noon. The page limitation language will be incorporated in the final order.

SO ORDERED
Dated: July 5, 2011

/s/ Oliver W. Wanger
United States District Judge