UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN RIVER GROUP AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, *et al.*, <br><br> Defendants. <br> CENTRAL DELTA WATER AGENCY, SOUTH DELTA WATER AGENCY, HONKER CUT MARINE, INC., RUDY MUSSI, and ROBERT SOUZA, <br><br> Defendant-Intervenors, <br><br> PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, <br><br> Defendant-Intervenor. | Case No.: 1:11-CV-00725-OWW-GSA <br><br> **ORDER CONDITIONALLY GRANTING MOTIONS TO INTERVENE** |

      The above-entitled matter was initially heard on June 29, 2011.  Daniel McDaniel appeared personally for the Defendant-Intervenors, Central Delta Water Agency et al. ("Delta Parties"). Bridget McNeil for the Federal Defendants, Stephan Volker for the Defendant-Intervenor, Pacific Coast Federation of Fishermen's Associations ("PCFFA"), and Kenneth Petruzzelli for the Plaintiff, San Joaquin River Group Authority ("SJRGA") each appeared telephonically.

      On July 5, 2011, the Court issued memoranda of decision conditionally granting the Delta Parties' and PCFFA's (collectively "Defendant-Intervenors") motions to intervene, and ordering the parties to meet and confer and propose language describing the conditions under which Defendant-Intervenors have been allowed to intervene. (Docket Nos. 45-46.)  On July 8, 2011, the parties filed a Statement of Disputed Conditions of Intervention.  (Docket No. 49.)

On July 12, 2011, the Court heard arguments regarding disputed conditions under which Defendant-Intervenors would be allowed to intervene. Appearing telephonically were Bridget McNeil for the Federal Defendants, Joshua Harris for the PCFFA, Daniel McDaniel for the Defendant-Intervenors Delta Parties, and Kenneth Petruzzelli for the SJRGA.

After reviewing and considering the motions, the pleadings and papers of all parties, and the proposed conditions, and having further considered the oral argument of counsel for the parties, and it appearing that the interventions requested are appropriate under Rule 24(a) of the Federal Rules of Civil Procedure, for good cause appearing,

IT IS HEREBY ORDERED that the motions of the PCFFA and of the Delta Parties for intervention as of right are GRANTED, subject to the following conditions:

1. PCFFA may brief the issues that affect its unique position in maintaining a healthy fishery. The Court recognizes that PCFFA's interest is a broad interest. PCFFA may also assert affirmative defenses.

2. PCFFA's opening brief shall not exceed fifteen (15) total pages, whether the brief is a cross-motion for summary judgment, a combined cross-motion for summary judgment and opposition to summary judgment, or only an opposition to summary judgment. If PCFFA files either a cross-motion for summary judgment or a combined cross-motion for summary judgment and opposition to summary judgment brief, it may file a reply brief not to exceed seven (7) pages.

3. The Delta Parties may brief issues providing non-repetitive, unique information, limiting their arguments to their specifically-unique interests and how they will be impacted by changes in management of fall-run Chinook salmon in the ocean environment and its further effect on influencing freshwater management measures to benefit salmon and any influence, if there is any, on water quality in the Delta. This includes interests related to the standing of SJRGA as far as their members' underlying rights and obligations and whether or not they would be injured by the management measures to the extent those issues are not briefed by the Federal Defendants.

4. The Delta Parties' opening brief shall not exceed ten (10) total pages, whether the brief is a cross-motion for summary judgment, a combined cross-motion for summary judgment and

opposition to summary judgment, or only an opposition to summary judgment. If the Delta Parties file either a cross-motion for summary judgment or a combined cross-motion for summary judgment and opposition to summary judgment it may file a reply brief not to exceed four (4) pages.

    5.    The Plaintiffs may file a reply to cross-motions for summary judgment and to opposition briefs filed by the Defendant-Intervenors that does not exceed a total of ten (10) pages. If, based on the briefs filed by the Defendant-Intervenors, it does not appear that a brief not exceeding ten (10) pages in length is possible, the Plaintiffs may seek leave to file a longer reply.

    6.    The Plaintiff's opening brief shall be filed by July 22, 2011.

    7.    The Federal Defendant's cross-motion for summary judgment shall be filed by August 19, 2011.

    8.    The Defendant-Intervenors' opening briefs shall be filed by August 23, 2011.

    9.    The Plaintiff's reply brief shall be filed by September 2, 2011.

    10.    The Federal Defendant's reply in support of its cross-motion for summary judgment shall be filed by September 16, 2011.

    11.    The Defendant-Intervenors shall file reply briefs by September 20, 2011.

    12.    The Federal Defendants and Defendant-Intervenors shall informally coordinate, in good faith, to avoid the Defendant-Intervenors filing repetitive, duplicative briefs and providing repetitive, duplicative information.

IT IS SO ORDERED.
Dated:  September 28, 2011

                                              /s/ Oliver W. Wanger
                                         United States District Court